UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID EUGENE MONDAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02387-TWP-DML |
| | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) |
| THE GEO GROUP INCORPORATED, | ) |
| HERITAGE TRAILS CORRECTIONAL | ) |
| FACILITY, | ) |
| DONALD EMERSON WARDEN, | ) |
| | ) |
| Defendants. | ) |

**Order Screening and Dismissing Complaint
and Allowing Plaintiff to Show Cause**

Plaintiff David Eugene Monday ("Monday") has paid the assessed initial partial filing fee. His complaint is now subject to screening pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

Because Monday is a prisoner in the Indiana Department of Correction (IDOC), the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed.

R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Plaintiff's Claims

David Monday is imprisoned for domestic battery. The victim of the domestic battery is his wife. Defendants have denied him visitation with his wife because she is the victim of his crime. Monday contends that the denial of visitation violates IDOC policies that further restorative justice, victim reconciliation, and therapeutic supervised visits. He frames his claims in terms of (1) negligence because defendants placed him in a facility that did not offer services specific to his needs, and (2) discrimination because other inmates at the same facility were permitted visits with their "current case victim." Dkt. 1, p. 4. Monday does not allege any protected class as a basis for this discrimination. *Id.*

## III. Analysis

A.  State Entity Defendants

Monday seeks monetary damages. Therefore the Indiana Department of Correction and Heritage Trails Correctional Facility are not proper defendants in this action. When seeking monetary damages, only persons are suable entities under 42 U.S.C. § 1983. A suit against a state

agency is treated as a suit against the state itself for Eleventh Amendment purposes, and the Eleventh Amendment immunizes an unconsenting state from suits for damages in federal court. *See Smith v. Utah Valley Univ.*, 619 Fed. Appx. 559, 560 (7th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). A physical facility such as a correctional facility is not a person capable of being sued. The complaint is therefore **dismissed** against the Indiana Department of Correction and Heritage Trails Correctional Facility.

The remaining two defendants are The Geo Group Incorporated and Warden Donald Emerson.

### B. Claims Against Remaining Defendants

#### 1. Ground 1 – "Negligence"

Much of Monday's complaint is based on a belief that IDOC failed to follow its own policies, procedures, or regulations. But the federal courts have limited jurisdiction and absent diversity of citizenship, which does not exist here, a lawsuit must be premised on the violation of a federal constitutional violation or federal statute. Monday cites 42 U.S.C. § 1983, and various other sections of The Civil Rights Act, but he does not incorporate any substantive civil rights statute into his first ground for relief. He instead contends the IDOC was negligent for placing him at a facility where the programs he needed, pursuant to IDOC policies, were unavailable.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the

specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The failure of prison officials to follow their own policies and rules, even state statutes, is not a federal constitutional claim. Rather, the violation of the policies and rules must result in the infringement of a specific constitutional right. The failure to be placed into a facility offering specific programs (which in turn allow the specific visitation Monday seeks) is not a federal constitutional violation.

Indiana inmates have no due process right to be incarcerated in a particular prison facility. *Meachum v. Fano*, 427 U.S. 215, 224, 225 (1976). When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). It is well established that no constitutional violation occurs when a prisoner is improperly classified. "[P]risoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (due process protections are not implicated by prisoner classification); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

"[N]ot everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem." *Brown v. Chicago Board of Education*, 824 F.3d 713, 714 (7th Cir. 2016). The IDOC's alleged "negligence" in placing Monday at a facility that did not permit visitation with the victim of his crime does not state a claim upon which relief can be granted.

2. Discrimination

Monday's second ground for relief contends that defendants discriminated against him by allowing other inmates to have visits with their "current crime victims" but denying him the same visits. The documentation Monday submitted with his complaint appears to contain a non-discriminatory reason for the disparate treatment. Moreover, however, Monday does not allege that the discrimination was based on any protected class.

The constitution protects one from disparate treatment based on membership in a protected class. *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). In order for a plaintiff to prevail on an equal protection claim, he must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly in an undefinable group of individuals. *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). The plaintiff must further show that any deprivation was based on an unjustifiable standard such as race, religion, or other arbitrary classification. *Vukadinovich v. Bartels*, 853 F.2d 1387 (7th Cir. 1988); *Government of V.I. v. Harrigan*, 791 F.2d 34 (3d Cir. 1986). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983). The complaint must allege the treatment received was intentional and based on the plaintiff's being a member of an identifiable class to the exclusion of all others. *Id*.

Monday's complaint fails to plead an equal protection claim. Merely complaining about discrimination in a conclusory fashion, without pleading the basic facts of an equal protection claim, fails to state a claim upon which relief can be granted.

### IV. Opportunity to Show Cause

Neither of the claims asserted by Monday are viable federal constitutional claims. The complaint is **dismissed** for failure to state claim upon which relief can be granted. 28 U.S.C. § 1915A.

Monday shall have through **September 21, 2018**, in which to show cause why this action should not be dismissed and final judgment entered. If a response to this show cause order or an amended complaint is not filed by this deadline, the action will be dismissed and final judgment entered without further notice.

### V. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. While this action is pending, Monday must report any change of address to the Court, in writing, within ten days of the change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 8/23/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David Eugene Monday, 999103
Heritage Trails Correctional Facility
501 West Main Street
Plainfield, IN 46168